UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DEAN JARMAN, <br><br> Plaintiff, <br><br> v. <br><br> THIRD DISTRICT COURT, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEAL THIS FILING (DOC. NO. 3)** <br><br> Case No. 2:24-cv-00407 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Michael D. Jarman filed this case without an attorney (pro se) on June 7, 2024.[1] Along with his complaint and exhibits, Mr. Jarman filed a motion "to seal this filing."[2] Because Mr. Jarman has not demonstrated this case or the complaint and exhibits warrant sealing, the motion to seal is denied.

## LEGAL STANDARDS

At the outset, pro se filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[3] Still, pro se litigants must "follow the same rules of procedure that govern other litigants."[4] While some allowances must

---

[1] The complaint, exhibits, and civil cover sheet are currently lodged on the docket, (*see* Doc. No. 2), pending a ruling on Mr. Jarman's motion to proceed without prepaying fees or costs, (Doc. No. 1).

[2] (Mot. to Seal This Filing ("Mot."), Doc. No. 3.)

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

1

be made for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[5] the court will not "construct a legal theory" on a litigant's behalf.[6]

With regard to Mr. Jarman's substantive request, "[c]ourts have long recognized a common-law right of access to judicial records."[7]  "Court records are presumptively open to the public" and sealing court documents is "highly discouraged."[8]  This "strong presumption" in favor of public access is particularly salient where the documents relate to litigants' substantive legal rights.[9]  But the right of access to judicial records is not absolute.[10]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[11]  The party seeking to restrict access has the burden of showing "some significant interest that outweighs the presumption."[12]

---

[5] *Hall*, 935 F.2d at 1110.

[6] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[8] DUCivR 5-3(a)(1).

[9] *Colony Ins. Co.*, 698 F.3d at 1242.

[10] *Id.* at 1241.

[11] *Id.* (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted).

## ANALYSIS

In his motion, Mr. Jarman states he is seeking to seal "this filing" for "privacy" and "to give the federal court time to understand the depth and scope of these terrors."[13] Because Mr. Jarman filed this motion with his complaint and exhibits, he appears to be seeking to seal at least the complaint and exhibits, and possibly the entire case.

Mr. Jarman has not demonstrated his complaint, exhibits, or this case should be sealed. Mr. Jarman's complaint appears to relate to a state court custody case, but the minor children are not identified by name. The complaint and exhibits do not appear to contain any personal identifying information required to be redacted under the federal rules.[14] Moreover, Mr. Jarman has not shown he has a protectable privacy interest which outweighs the public's presumptive right of access to court records. Mr. Jarman has availed himself of the public court system in bringing this case, and he has not articulated a legitimate basis to hide his complaint (or the entire case) from public view.

For these reasons, the motion to seal[15] is denied. The clerk is directed to unseal this case and all documents except the motion to proceed without prepaying fees or costs

---

[13] (Mot. 1, Doc. No. 3.)

[14] *See* Fed. R. Civ. P. 5.2 (requiring redaction of social-security numbers, taxpayer-identification numbers, birth dates, names of minor children, and financial-account numbers in court filings).

[15] (Doc. No. 3.)

(which are generally sealed in this district as they contain personal and sensitive financial information).

DATED this 12th day of June, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge