UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DEAN JARMAN,<br><br>Plaintiff,<br><br>v.<br><br>THIRD DISTRICT COURT, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE**<br><br>Case No. 2:24-cv-00407<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Michael Dean Jarman filed this action without an attorney and without paying the filing fee.[1]  After ordering Mr. Jarman to supplement his original fee waiver motion, the court temporarily granted his second fee waiver motion and stayed the case for screening.[2]  As explained below, Mr. Jarman's complaint raises challenges to state court proceedings over which this court lacks jurisdiction, and it fails to state any other cognizable claim under federal law.  Where permitting Mr. Jarman to amend his complaint would be futile, the undersigned recommends the chief district judge dismiss this case without prejudice.

---

[1] (*See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs, Doc. No. 1; Compl., Doc. No. 13.)

[2] (*See* Order Temporarily Granting Second Mot. to Proceed In Forma Pauperis, Den. as Moot First Mot. to Proceed In Forma Pauperis, and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 12.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[3]  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[5]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[6]  But the court need not accept a plaintiff's conclusory allegations as true.[7]  "[A] plaintiff must offer specific factual allegations to support each claim."[8]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[9]

---

[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[5] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[6] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[9] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

Because Mr. Jarman proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[10]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[11]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[12]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[13] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## ANALYSIS

A.  Mr. Jarman's Complaint

Mr. Jarman filed a form civil rights complaint and checked a box indicating he is bringing a claim under 42 U.S.C. § 1983.[15]  The complaint identifies the defendants as unnamed "Judges, Commissioners, Clerks, Attorneys, Guardian Ad Litems, Private

---

[10] *Hall*, 935 F.2d at 1110.

[11] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[12] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[13] *Hall*, 935 F.2d at 1110.

[14] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[15] (*See* Compl. 1, 4, Doc. No. 13.)

Guardian Ad Litems, Transcriptionists and Others Unconstitutionally Operating

Collectively and/or Individually in Terror Through or in the Matheson Courthouse of

Utah's Third District Court."[16]

Mr. Jarman alleges that since October 2017, "[w]ithout proper hearings and

proper trials, Judges and Commissioners of Utah's Third District Court eliminated my

ability to be a parent to my two daughters in several unconstitutional ways."[17]  Mr.

Jarman states this includes (1) forgery of his signature by opposing counsel in collusion

with Mr. Jarman's counsel on a relocation stipulation, and (2) adding his daughter to an

unjustified protective order and intentionally not serving it on him, resulting in Mr.

Jarman being jailed for sixty-nine days for making phone calls to his daughter under an

established call schedule.[18]  He alleges he was held in jail illegally "without a proper

hearing, a proper trial or bail," and eventually forced to "make a deal" that included

ninety days of ankle monitoring costing $80 per week.[19]  Mr. Jarman claims these

events violated his "fundamental right under the 14th Amendment . . . to direct the care,

upbringing and education of [his] two daughters."[20]  Mr. Jarman seeks various forms of

relief including restoration of his right to equal parent time or, alternatively, an order

---

[16] (*Id.* at 1.)

[17] (*Id.* at 5.)

[18] (*Id.*)

[19] (*Id.* at 6.)  Mr. Jarman also alleges jail management and staff violated his constitutional rights during his detention, but clarifies he is not bringing claims against the jail or its employees in this lawsuit.  (*See id.*)

[20] (*Id.* at 4.)

granting him sole custody; the arrest of his children's mothers; and designation of his children's mothers and their representatives as vexatious litigants.[21]

The complaint also references an attached exhibit containing thirty-two pages of additional allegations.[22]  This exhibit primarily consists of a lengthy, rambling rant against family courts and other government institutions, including allegations that "thousands of satanic schemers" have "hijacked" local courthouses and engage in "reptilian law tactics."[23]  Only a few pages of the exhibit describe events specifically involving Mr. Jarman, and these largely echo the allegations in the form complaint.[24]

Approximately two months after the complaint was filed, Mr. Jarman filed a motion to replace the previous exhibit with a new, 192-page exhibit entitled "The Black Bubble Part 2: Cast of Characters."[25]  This document contains similar tirades against courts and government officials, as well as an exhaustive description of the history of

---

[21] (*Id.* at 7.)

[22] (*See id.* at 4, 7; Ex. to Compl., Doc. No. 13-2.)   The court may consider exhibits attached to the complaint and documents incorporated into the complaint by reference in evaluating whether the complaint states a claim for relief.  *See Smith*, 561 F.3d at 1098.

[23] (*See, e.g.*, Ex. to Compl., Doc. No. 13-2 at 1–2.)

[24] (*See id.* at 20–25 (describing Mr. Jarman's arrest and sixty-nine-day detention).)

[25] (Mot., Doc. No. 15; Ex. to Mot., "The Black Bubble Part 2: Cast of Characters," Doc. No. 15-2.)  Also attached to the motion is a document entitled "August 8, 2024 Case Study Update."  (Doc. No. 15-1.)  This document appears to be an introduction to the "Black Bubble" exhibit and contains no new allegations of note.

Mr. Jarman's custody case and criminal proceedings.  The court granted Mr. Jarman's

motion, and this new exhibit is considered as an exhibit to the complaint.[26]

    B.  <u>This Court Lacks Jurisdiction Over Challenges to Mr. Jarman's State-Court</u>
              <u>Cases Under the *Rooker-Feldman* Doctrine and *Younger* Abstention.</u>

As described above, Mr. Jarman's complaint raises challenges to various state

court proceedings—including a custody case, entry of a protective order, and a criminal

case based on alleged violations of a protective order.  This court lacks jurisdiction over

such challenges pursuant to the *Rooker-Feldman* and *Younger* doctrines.

To the extent final orders or judgments have been entered in the state court

proceedings Mr. Jarman seeks to challenge, his claims are barred by the

*Rooker-Feldman* doctrine.  "The *Rooker-Feldman* doctrine provides that federal courts,

other than the United States Supreme Court, lack jurisdiction to adjudicate claims

seeking review of state court judgments."[27]  Under this doctrine, "[t]he losing party in a

state court proceeding is generally 'barred from seeking what in substance would be

appellate review of the state [] judgment in a United States district court, based on the

losing party's claim that the state judgment itself violates the loser's federal rights.'"[28]

Here, Mr. Jarman claims various state court orders violate his rights, including

custody orders, protective orders, and a criminal conviction.  In other words, he asks

---

[26] (*See* Docket Text Order, Doc. No. 17.)

[27] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923)).

[28] *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

this court (a federal district court) to review a state court's orders and judgments to determine whether his rights have been violated. The state appellate process is the proper forum to seek review of these orders, to the extent they are final orders or judgments. This court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine.

To the extent the state court proceedings Mr. Jarman challenges are ongoing, this court lacks jurisdiction under the *Younger* abstention doctrine.[29] *Younger* abstention "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[30] The *Younger* doctrine is generally applied to ongoing state proceedings.[31] Under this doctrine,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[32]

---

[29] *See Younger v. Harris*, 401 U.S. 37 (1971).

[30] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[31] *See Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com.*, 240 F.3d 871, 875 (10th Cir. 2001).

[32] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted).

Application of *Younger* abstention is mandatory where these conditions are met.[33]

Based on the allegations in the complaint, the conditions for *Younger* abstention are met here. The first condition is met to the extent any state proceedings are ongoing. With regard to the second condition, Mr. Jarman fails to allege facts showing the state court is an inadequate forum to hear his claims. This element requires a plaintiff to prove "state procedural law barred presentation of [his] claims."[34] Mr. Jarman makes no such allegations. His ungrounded assertions regarding "satanic schemers" are insufficient to show his claims cannot be addressed in state court. Thus, the second condition is met.

With regard to the third condition, child custody proceedings implicate important state interests that traditionally look to state law for resolution.[35] Indeed, federal courts have "consistently applied *Younger* to child custody cases."[36] Likewise, "state criminal

---

[33] *See Weitzel*, 240 F.3d at 875 ("[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." (internal quotation marks omitted)); *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) ("[B]ecause application of the *Younger* doctrine is absolute . . . when a case meets the *Younger* criteria, there is no discretion for the district court to exercise." (second alteration in original) (internal quotation marks omitted)).

[34] *J.B. v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999); *see also Moore v. Sims*, 442 U.S. 415, 425–26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.").

[35] *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (State divorce and custody proceedings "implicate important state interests: '[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States.'" (alteration in original) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992))).

[36] *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (unpublished).

proceedings are viewed as a traditional area of state concern" to which *Younger* is routinely applied.[37]  Finally, federal courts have applied *Younger* abstention to challenges to state court proceedings involving protective orders and related criminal charges.[38]  Thus, the third condition is also met.  Because all conditions for *Younger* abstention are met, this court lacks jurisdiction over Mr. Jarman's claims challenging ongoing state court proceedings.

In sum, this court lacks jurisdiction over Mr. Jarman's claims that his rights have been violated in state court proceedings.

### C.  The Complaint Fails to State Any Other Federal Claim for Relief

Mr. Jarman's complaint asserts no other cognizable claim for relief under federal law.  Although he references 42 U.S.C. § 1983, he does not allege any violation of his constitutional rights by state actors outside the context of state court proceedings.[39]  And his allegations do not appear to implicate any other recognized cause of action under federal law.

\* \* \*

In sum, the court lacks jurisdiction over Mr. Jarman's claims challenging state court proceedings, and he raises no other cognizable federal claims.  Under these

---

[37] *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).

[38] *See, e.g.*, *Crumbley v. Crumbley*, No. 2:20-cv-01153, 2020 U.S. Dist. LEXIS 210532, at \*4 (D.N.M. Nov. 10, 2020) (unpublished).

[39] *See Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988) ("To establish a cause of action under section 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law.").

circumstances, it would be futile to give him an opportunity to amend, and dismissal is necessary.[40]

## RECOMMENDATION

Because Mr. Jarman's complaint raises challenges to state court proceedings over which this court lacks jurisdiction, he fails to state any other cognizable federal claim, and permitting amendment would be futile, the undersigned RECOMMENDS the chief district judge dismiss this case without prejudice.[41]

The court will send this Report and Recommendation to Mr. Jarman, who is notified of his right to object to it.  Any objection must be filed within fourteen days of service.[42]  Failure to object may be considered a waiver of objections.

DATED this 9th day of September, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[40] *See Kay*, 500 F.3d at 1217 ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (internal quotation marks omitted)).

[41] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (providing a dismissal for lack of jurisdiction must be without prejudice).

[42] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

10