IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Michael Dean Jarman,<br><br>    Plaintiff,<br><br>v.<br><br>Third District Court, et al.,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00407-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

    Before the court is the Report and Recommendation issued in the above captioned case by Magistrate Judge Daphne A. Oberg on September 9, 2024.[1] The Report recommends the case be dismissed for lack of jurisdiction and for failure to state a claim.

    Plaintiff Michael Jarman initiated this pro se action against "Judges, Commissioners, Clerks, Attorneys, Guardian Ad Litems, Private Guardian Ad Litems, Transcriptionists and Others Unconstitutionally Operating Collectively and/or Individually in Terror Through or in the Matheson Courthouse of Utah's Third District Court."[2] Jarman accuses Defendants of "eliminating [his] ability to be a parent to [his] two daughters in several unconstitutional ways." Jarman alleges Defendants "overlook[ed] a forgery committed by opposing counsel" and improperly added his daughter to a protective order he was never served with, causing him to be jailed for 69 days for calling his daughter in apparent violation of the order.[3] For relief, Jarman requests restoration of his right to equal parent time or, alternatively, an order granting him sole

---

[1] Dkt. 18, *Report and Recommendation to Dismiss Case Without Prejudice (Report)*.

[2] Dkt. 13, *Complaint for Violation of Civil Rights (Complaint)*.

[3] *Id.* at 5.

custody; the arrest of his children's mothers; and designation of his children's mothers and their representatives as vexatious litigants.[4]

On July 2, 2024, Jarman's case was referred to Magistrate Judge Daphne A. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B).[5] Judge Oberg promptly granted Jarman's request to proceed in forma pauperis and recommended the court dismiss the complaint for lack of jurisdiction and for and failing to state a claim upon which relief may be granted, consistent with DUCivR 3-2(b) and 28 U.S.C. § 1915.[6] Judge Oberg advised Jarman of his right to object to the Report within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b).[7] Judge Oberg further cautioned that "[f]ailure to object may constitute a waiver of objections upon subsequent review."[8]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition. When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[9] This court reviews for clear error any report and recommendation to which no objections have been raised.[10]

---

[4] *Id.* at 7.

[5] Dkt. 9, *Minute Entry Referring Case*.

[6] *Report* at 1.

[7] *Report* at 10.

[8] *Id.*

[9] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[10] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error

Three weeks have now passed since the Report was filed and Jarman has not asserted any objections with the court. Accordingly, this court reviews the Report for clear error. Having carefully considered the Report, the court finds no clear error. Thus, the court ADOPTS the Report in full. For the reasons set forth in the Report, Jarman's Complaint is DISMISSED for lack of jurisdiction for failing to state a claim upon which relief may be granted.[11] The Clerk of Court is directed to close this case.

SO ORDERED this 3rd day of October 2024.

BY THE COURT:

_____
ROBERT J. SHELBY

---

on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[11] *See* Report at 2 (explaining that when a party proceeds in forma pauperis, the court may dismiss the action at any time it determines the Complaint fails to state a claim upon which relief can be granted) (citing 28 U.S.C. § 1915(e)(2)).